IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ALONZO BROWN,

    Plaintiff,                                 No. 2:12-cv-1680 KJN P[1]

    vs.

WILLIAM BROWNFIELD, et al.,

    Defendants.              ORDER

_____/

        Plaintiff, a state prisoner proceeding pro se, has filed a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has not, however, filed an in forma pauperis affidavit or paid the required filing fee.[2] See 28 U.S.C. §§ 1914(a), 1915(a). In addition, review of the four-page complaint (Dkt. No. 1), demonstrates that it is patently frivolous. See 28 U.S.C. § 1915A(b)(1).

        Significantly, plaintiff is subject to the "three strikes rule" set forth in 28 U.S.C. § 1915(g), which precludes a plaintiff from proceeding in forma pauperis absent a showing that he is in imminent danger of serious physical injury. The rule provides in full:

---

[1] This proceeding was referred to this court pursuant to 28 U.S.C. § 636(b)(1), and Local Rule 302.

[2] Although plaintiff submitted a copy of his inmate trust account statement (Dkt. No. 2), the statement is unverified.

1

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Plaintiff has been designated three-strikes barred in the National Pro Se Three-Strikes Database,[3] based on the August 1, 2011 order of the United States District Court for the Central District of California, in <u>Alonzo Brown v. National Clandestine Service, et al.</u>, Case No. 2:11-cv-06092-UA-DUTY (Dkt. No. 2). That order provides a comprehensive summary of plaintiff's previous filings warranting the court's three-strikes ruling.[4]

In the instant case, plaintiff's complaint is not only virtually illegible (plaintiff has essentially scribbled across the form complaint), and clearly frivolous (naming, for example, among the several defendants, the District Court of Paradise Island), but plaintiff does not allege that he is in imminent danger of serious physical injury. Accordingly, plaintiff must pay the $350.00 filing fee before this action can proceed on the merits of the complaint. Failure to timely pay the filing fee will result in a recommendation that this action be dismissed without substantive review of the complaint.

////
////
////
////
////
////

---

[3] National Pro Se Three-Strikes Database, http://nprose.circ9.dcn/Litigant.aspx.

[4] A court may take judicial notice of court records. <u>See</u> <u>MGIC Indem. Co. v. Weisman</u>, 803 F.2d 500, 505 (9th Cir. 1986); <u>United States v. Wilson</u>, 631 F.2d 118, 119 (9th Cir. 1980).

1    In accordance with the above, IT IS HEREBY ORDERED that:

2    1.  Plaintiff shall submit, within thirty days after the filing date of this order, the
3  full $350.00 filing fee for this action; and

4    2.  Plaintiff's failure to timely comply with this order will result in a
5  recommendation that this action be dismissed.

6  DATED:  June 27, 2012

```
                                    _____
                                    KENDALL J. NEWMAN
                                    UNITED STATES MAGISTRATE JUDGE
```

10  brow1680.3.strikes